NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0399n.06
Filed: July 1, 2008

No. 07-5794

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LAUREL KNUCKLES SWILLEY, | ) | |
| Individually and in her capacity as General | ) | |
| Partner of the Ruth Hoe Knuckles Family | ) | |
| Limited Partnership, | ) | |
| | ) | ON APPEAL FROM U.S. DISTRICT |
| Plaintiff/Appellant | ) | COURT EASTERN DISTRICT OF |
| | ) | KENTUCKY SOUTHERN DIVISION |
| v. | ) | at LONDON |
| | ) | |
| JEFFERY R. TIPTON and | ) | |
| WESLEY R. TIPTON | ) | |

Defendants/Appellees

Before: BATCHELDER, SUTTON, and FRIEDMAN,[*] Circuit Judges.

FRIEDMAN, Circuit Judge. In this diversity case, a former client sued her lawyer for injuries that assertedly resulted from the lawyer's alleged conflict of interest. The United States District Court for the Eastern District of Kentucky granted summary judgment for the defendants and dismissed the case, ruling that the client had not shown that she had been injured by the lawyer's actions. We affirm.

---

*Daniel M. Friedman, Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

I

This case grows out of disagreements among sisters over the administration of their mother's estate. Shortly before her death, the mother, Ruth H. Knuckles, a Kentucky resident, created the Ruth H. Knuckles Family Limited Partnership ("the Partnership"). The Partnership was designed to hold and engage in transactions in real estate. Mrs. Knuckles was the only general partner, and her four daughters were equal limited partners.

Mrs. Knuckles died less than two months after creating the Partnership. Two of her daughters, the appellant Laurel Knuckles Swilley ("Swilley") and her sister Susan Knuckles Roberts ("Roberts"), were elected general partners. Under Knuckles' will, all of her real property was to go to the Partnership, and her personal property was to be divided equally among her daughters. Roberts and her sister Melissa Knuckles Barton ("Barton") were appointed co-executrixes of the estate.

The appellee Jeffrey R. Tipton ("Tipton") is a lawyer who practices in Corbin, Kentucky, as a member of the firm of Tipton & Tipton. After Mrs. Knuckles' death, Tipton represented the co-executrixes of the estate (Barton and Roberts) in handling various claims that had been filed by and against the estate. A partition action was then filed in a Kentucky trial court against the Partnership and the four partners, seeking to sell property that Mrs. Knuckles and her brother had owned jointly. Tipton filed an answer and an intervening complaint in that action for the Partnership and its partners. That litigation resulted in the sale of the property and the distribution, by Tipton, to each of the partners of her share of the proceeds.

At around that time, Tipton filed in the Kentucky trial court, on behalf of Roberts and Barton, an application for judicial dissolution of the Partnership ("the dissolution suit"). Swilley and her sister

Whitcomb Knuckles ("Whitcomb"), represented by their own attorney, filed an answer, counter-claim, and third-party complaint that alleged that the sisters Roberts and Barton had mismanaged the estate and the Partnership, dissipated the assets of those entities, and breached their fiduciary duties as representatives of the estate and the Partnership. Swilley and Whitcomb requested that Barton and Roberts be removed as co-executrixes of the estate, that they recover damages, and that the Partnership be continued.

The dissolution suit was settled when Swilley, Roberts, and Barton executed a "Release of all Claims" that provided for an Agreed Order of Judgment to be entered, and Swilley received $235,000.00. Swilley, who is a lawyer, jointly with her sister Roberts (also a lawyer), drafted these documents.

The Kentucky trial court entered the Agreed Order, which in a subsequent order it recognized had terminated Swilley's interest in the estate and the Partnership. The Kentucky Court of Appeals dismissed Swilley's appeal from the latter order as untimely.

Swilley then filed *pro se* the present action in the United States District Court against Tipton and his partner. The complaint accused Tipton of breach of fiduciary duty, fraud, breach of contract, and negligence. Swilley stated that in agreeing to the settlement of the dissolution suit she believed that the money she there received "represent[ed] an advance an advance [sic] of $235,000.00 against the balance of her . . . claims against Susan K. Roberts and Melissa Knuckles as party plaintiffs and individually in the partnership dissolution action. [sic] litigation. The plaintiff did not intend to and did not release, relinquish, waive, transfer, or in any manner divest herself of the remainder of plaintiff's inheritable interest in the estate nor of her interest in the family limited partnership." She sought compensatory and

3

punitive damages. Swilley sought recovery against Tipton's partner, Wesley Tipton, on a theory of vicarious liability.

On cross-motions for summary judgment, the district court granted the defendants' motion and dismissed the complaint. The court held that "Swilley has failed to produce any evidence that Tipton's actions caused her to enter into the Agreed Order and Release. For this reason, her claims against the Defendants must be dismissed." *Swilley v. Tipton*, No. 04-CV-638-KKC, 2007 WL 316951, at *7 (E.D.Ky. Jan. 30, 2007). The court further held that Swilley had waived any claim that Tipton was disqualified in the dissolution suit by a conflict of interest because she had not raised that claim in that action.

II

Swilley's argument apparently is that Tipton had a conflict of interest when he filed the dissolution suit for Roberts and Barton because their interests were adverse to those of their sisters Swilley and Whitcomb, whom he still was representing; that he induced Swilley to enter into the settlement of that action under which the $235,000.00 she received constituted a waiver of her claim to the additional amount due under her mother's estate and her Partnership interest; and that Tipton was responsible and liable for the damage she thus suffered.

Swilley's claim fails because, as the district court correctly held, she "failed to produce any evidence that Tipton's actions caused her to enter into the Agreed Order and Release." *Id.* As that court pointed out, Tipton "did not represent or advise Swilley" in that action. *Id.* She was represented by a different lawyer. Swilley herself is a lawyer and she jointly drafted the Release and Agreed Order by

4

which, the Kentucky trial court held, she had waived any further interest in her mother's estate and the Partnership.

As the district court stated, "Tipton did not advise Swilley in drafting the Release or have any role in drafting the Agreed Order. It is not possible that Tipton misled Swilley as to the legal significance of a document that she herself drafted." *Id.* (internal citations omitted).

As the district court recognized, under Kentucky law, a legal malpractice claim requires proof that the lawyer's misconduct was the proximate cause of the plaintiff's damage. *See Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky. 2003) (for legal malpractice claim, plaintiff must show attorney's negligence was proximate cause of damage to client). Although Swilley's complaint alleged that by holding himself out as a skilled attorney in various areas of the law Tipton "thereby induced the plaintiff and representatives of the estate, partnership and trusts to rely upon their advice and counsel," the district court correctly stated that Tipton had not advised Swilley about either the dissolution suit or the Release and Agreed Agreement or had any role in drafting these documents. Swilley points to nothing in the record that undermines those conclusions. Contrary to her contention, there are no disputed issues of material fact relating to these issues that precluded the grant of summary judgment in Tipton's favor.

In view of our conclusion in this issue, we need not consider the district court's alternative ground of decision that Swilley's failure to seek Tipton's disqualification in the dissolution suit waived that contention and precludes her from raising it in the present case.

The summary judgment of the district court dismissing the suit is affirmed.